IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO**. 21-cv-61902

**BRIAN ROSADO,**

    Plaintiff,

vs.

**DIRECT OFFICE SOLUTIONS, INC.,** and
**RONALD R. BOEHM**, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff **BRIAN ROSADO** ("Plaintiff"), by and through undersigned counsel, hereby respectfully files this Complaint against **DIRECT OFFICE SOLUTIONS, INC**. ("DOS") and **RONALD R. BOEHM** ("Boehm"), individually (collectively hereinafter referred to as "Defendants") and allege as follows:

### Introduction

1. This is an action by Plaintiff against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); damages due to retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3); and for damages relating to unfair and deceptive practices under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA").

2. Plaintiff seeks money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**Parties, Jurisdiction and Venue**

3. Plaintiff is a former employee of Defendants, and at all material times resided in Broward County, Florida.

4. Defendant DOS, a for-profit corporation operating out of Broward County, Florida, was at all material times authorized to conducts its for-profit business in Florida, as well as other states, and it is otherwise *sui juris*.

5. Defendant Boehm was at all times material hereto the owner and operator of the corporate Defendant for the relevant time period. Defendant Boehm ran or otherwise oversaw the day-to-day operations of the corporate Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

6. Defendants were Plaintiff's direct employers, joint employers, and co-employers.

7. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

8. All conditions precedent to this action have been satisfied by Plaintiff, waived by Defendants, or occurred.

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

A. **Plaintiff's Employment With Defendants.**

9. Plaintiff began working for Defendants during September of 2020.

10. During the entirety of his employment with Defendants, Plaintiff worked as a non-exempt "warehouse manager".

11. Plaintiff, at all material times, was paid an hourly rate of $17.00, and then later, $19.00. These rates were set by Defendants

12. Plaintiff worked for Defendants until his termination on April 2, 2021.

13. During his employment, Plaintiff solely worked for Defendants and no other entity or business.

14. During his employment, Plaintiff had to follow Defendants' rules, policies, and procedures.

15. During his employment, Plaintiff's schedules and working periods were set by Defendants.

16. During his employment, Plaintiff wore a uniform as dictated by Defendants.

17. During his employment, Plaintiff was paid directly and not to any business or corporate entity.

18. During his employment, Defendants provided Plaintiff with all the tools and materials to do his job.

3 | Page

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

19. During Plaintiff's employment, he routinely worked beyond forty (40) hours per week but Defendants only paid Plaintiff at a straight time rate ($19.00) instead of a time-and-a-half rate for his overtime work.

20. Defendants paid Plaintiff this improper overtime rate despite knowing such rate of pay was in violation of the FLSA.

21. During Plaintiff's employment, Defendants classified Plaintiff as a 1099 independent contractor.

22. Defendants classified Plaintiff as a 1099 independent contractor despite Plaintiff being hired directly by Defendants and working as an employee.

23. Indeed, Defendants classified Plaintiff as a 1099 independent contractor, along with similarly classifying other individuals, to avoid paying overtime wages (which would result in higher invoices to Defendants' clients), dodge payment of FICA, and evade required workplace insurance (workers' compensation).

24. This false designation meant Plaintiff was saddled with financial concerns related to FICA payments and improper overtime wages.

25. Eventually, in early March of 2021, Plaintiff raised his concerns about the false independent contractor designation to his immediate supervisor, "Owen", who directed Plaintiff to speak with Defendant Boehm.

26. After speaking with "Owen", Plaintiff spoke with Defendant Boehm about both the independent contractor designation and the missing/improper overtime payments.

4 | Page

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

27. In response, no investigation occurred to delve into Plaintiff's complaints. Rather, Plaintiff was summarily terminated from his employment.

28. Plaintiff retained undersigned counsel and is obligated to pay his counsel reasonable attorneys' fee and court costs for all services rendered.

**B. <u>Defendants' Business and Interstate Commerce</u>**

29. The primary purpose of DOS is to provide services related to office furniture (new and used), space planning and design, and delivery and installation for commercial customers.

30. Under information and belief, Plaintiff alleges that DOS' gross annual revenue exceeded $500,000.00 during 2020 and is expected to exceed $500,000.00 during 2021.

31. DOS customarily and regularly bought and sold goods and services that crossed state lines.

32. At all relevant times, DOS employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

33. Upon information and belief, DOS obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market

5 | Page

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

34. DOS, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

35. DOS is an employer engaged in interstate commerce and subject to the FLSA.

C. **Boehm's Employment of, and Failure to Properly Pay, Plaintiff**

36. During the relevant period, Boehm was Plaintiff's manager/supervisor as well as the general operator of the business.

37. During Plaintiff's employment, Boehm acted as Plaintiff's supervisor/manager, provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, was responsible for recording, calculating, and paying Plaintiff's work hours, and ultimately made the decision to not allow Plaintiff to continue working.

38. On or about April 2, 2021, Boehm made the decision to not allow Plaintiff to continue working for Defendants.

39. Boehm intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA and continued to do so after Plaintiff complained about the same.

40. Boehm is partially or totally responsible for paying Plaintiff's wages.

6 | Page

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

41. Boehm must be considered Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

## COUNT I
## OVERTIME VIOLATION BY DIRECT OFFICE SOLUTIONS, INC. UNDER THE FAIR LABOR STANDARDS ACT

42. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if fully set forth herein.

43. As part of its business, DOS purchased goods and materials that traveled through interstate commerce.

44. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

45. Upon information and belief, DOS obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

46. DOS, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

PERERA ALEMÁN, PLLC
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

47. During his employment with DOS, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

48. DOS did not properly compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

49. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

50. In addition, DOS is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against DOS under the FLSA;
   b. Award Plaintiff actual damages for the unpaid overtime wages;
   c. Award Plaintiff liquidated damages;
   d. Award Plaintiff his attorneys' fees and costs;
   e. Award Plaintiff all recoverable interest; and
   f. Award any other relief this Honorable Court deems just and proper.

### COUNT II
### OVERTIME VIOLATIONS AGAINST RONALD R. BOEHM UNDER THE FAIR LABOR STANDARDS ACT

51. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if fully set forth herein.

PERERA ALEMÁN, PLLC
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

52. Boehm operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partialy or totally responsible for paying Plaintiff's wages.

53. Boehm scrutinized Plaintiff's work and controlled how Plaintiff did his job.

54. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

55. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

56. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

57. Boehm did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

58. Boehm is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Boehm under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

PERERA ALEMÁN, PLLC
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff his attorneys' fees and costs;

e.  Award Plaintiff all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

## COUNT III
## RETALIATION BY DEFENDANT DIRECT OFFICE SOLUTIONS, INC. UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF

59. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 as if fully set forth herein.

60. Plaintiff engaged in protected activity under the FLSA when he complained about unpaid overtime wages to Defendant Boehm.

61. Defendant DOS retaliated against Plaintiff because of his protected activity by terminating Plaintiff after his complaint about unpaid overtime wages.

62. Defendant DOS' retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA. Indeed, Defendant DOS' conduct is one where workers, like Plaintiff, are forced into one of two unenviable situations: 1) suffer to provide services without proper wages; or 2) become unemployed.

63. Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant DOS has engaged in.

64. Plaintiff has suffered mental and emotional distress, in addition to monetary loss, because of Defendant DOS' retaliatory conduct.

10 | P a g e

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant DOS under the FLSA;

b. Award Plaintiff actual damages for the lost wages and for lost future/front wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## RETALIATION BY DEFENDANT RONALD R. BOEHM
## UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF

65. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 as if fully set forth herein.

66. Plaintiff engaged in protected activity under the FLSA when he complained about unpaid wages to Defendant Boehm.

67. Defendant Boehm retaliated against Plaintiff because of his protected activity by terminating Plaintiff after his complaint about unpaid overtime wages.

68. Defendant Boehm's retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA. Indeed, Defendant Boehm's conduct is one where workers, like Plaintiff, are forced into

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

one of two unenviable situations: 1) suffer to provide services without proper wages; or 2) become unemployed.

69. Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant Boehm has engaged in.

70. Plaintiff has suffered mental and emotional distress, in addition to monetary loss, because of Defendant Boehm's retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant Boehm under the FLSA;

b. Award Plaintiff actual damages for the lost wages and for lost future/front wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## COUNT V
## FDUTPA CLAIM AGAINST DIRECT OFFICE SOLUTIONS, INC.

71. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 of his Complaint above as if fully set forth herein.

12 | Page

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

72. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Flat. Stat. §501.204 *et seq.*, renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

73. Through its business, DOS during all relevant times, has been engaged in trade or commerce as defined by FDUTPA.

74. During Plaintiff's employment with DOS, DOS intentionally misclassified Plaintiff, a DOS employee, as an independent contractor.

75. In fact, DOS engaged in a pattern and practice of misclassification many of its employees as independent contractors.

76. DOS' misclassification of employees as independent contractors, upon information and belief, continues to occur.

77. DOS' consistent misclassification of employees has resulted in substantial cost savings to DOS and have provided DOS with an unfair competitive advantage against its competitors who comply with their legal obligations.

78. Among other things, DOS has avoided paying employer payroll taxes, general liability, contributing to the unemployment compensation fund, and paying for workers' compensation insurance for all of its employees.

79. DOS' misclassification has damaged Plaintiff by, among other things, depriving Plaintiff of overtime wages and exposing Plaintiff to higher tax obligations because DOS has not paid its share of payroll taxes.

13 | P a g e

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

80. FDUTPA allows any "person" who has suffered a loss under the Act to file suit thereunder.

81. Plaintiff is, therefore, protected by FDUTPA.

82. Upon information and belief, DOS will continue to misclassify employees as independent contractors without court intervention.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against DOS;

b. Award Plaintiff damages under FDUTPA;

c. Enjoin DOS from further violations of FDUTPA;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT VI
## FDUTPA CLAIM AGAINST RONALD R. BOEHM

83. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41, 72-82 of his Complaint above as if fully set forth herein.

84. During all relevant times, Boehm has been an owner and operator of DOS.

85. As an owner and operator of DOS, Boehm is personally responsible for devising the unlawful scheme to consistently misclassify DOS employees as independent contractors.

PERERA ALEMÁN, PLLC
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

86. Boehm devised the unlawful misclassification scheme to avoid paying employer payroll taxes, general liability, overtime wages, contributing to the unemployment compensation fund, and paying for workers' compensation insurance for all DOS employees.

87. As the architect of the FDUTPA violations, Boehm is personally liable for his misconduct. See *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069 (Fla. 5th DCA 2008); *Rollins, Inc. v. Heller*, 454 So. 2d 580 (3rd DCA 1984).

88. Boehm's misconduct directly caused Plaintiff damages.

89. The misclassification has damaged Plaintiff by, among other things, depriving Plaintiff of overtime wages and exposing Plaintiff to higher tax obligations because DOS has not paid its share of payroll taxes.

90. Upon information and belief, Boehm will continue to misclassify employees as independent contractors without court intervention.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Boehm;

b. Award Plaintiff damages under FDUTPA;

c. Enjoin Boehm from further violations of FDUTPA;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

15 | P a g e

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated: September 9, 2021

                                         Respectfully submitted,

                                         ***/s/ J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA ALEMÁN, PLLC**
12555 Orange Drive
Second Floor
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiff*

16 | P a g e

**PERERA ALEMÁN, PLLC**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232